# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DONALD LEE WOODS #2197500** | § | |
| | § | |
| V. | § | A-20-CV-0245-RP |
| | § | |
| **WILLIAMSON COUNTY SHERIFF JAIL** | § § § | |

## ORDER

Before the Court is Plaintiff's Complaint. Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. After consideration, Plaintiff's complaint is dismissed.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Larry Gist Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff's lawsuit relates to his previous confinement in the Williamson County Jail.

Plaintiff alleges on May 4, 2018, he and other inmates were placed outside during a rainstorm while officers conducted a shakedown of their cell. Upon entering the building, Plaintiff alleges his knee slid forward and hyper extended. According to Plaintiff, his injury requires surgery to fix. He seeks an unspecified amount of compensatory and punitive damages for the negligence of jail employees.

### DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the

complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke,* 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

B. <u>Entities Not Capable of Being Sued</u>

The Williamson County Jail is not an entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

C. <u>Supervisory Liability</u>

To the extent Plaintiff sues the Williamson County Sheriff he fails to allege the sheriff was personally involved. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability"; they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017).

D. <u>Negligence</u>

At most, Plaintiff's claims amount to negligence. A plaintiff may maintain a civil rights suit only if he can show an abuse of government power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also, Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). It is well settled that

3

negligence on the part of jail officials does not give rise to civil rights claims. *Daniels v. Williams*, 474 U.S. 327 (1986); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988). To the extent Plaintiff wishes to sue for negligence he must file his lawsuit in state court.

      E.    <u>Municipal Liability</u>

As Plaintiff has failed to allege a valid constitutional violation, there can be no municipal liability against the county. Moreover, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, the Williamson County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of Williamson County that caused a deprivation of his constitutional rights.

CONCLUSION

Plaintiff's civil rights claims are frivolous as he has sued an entity not capable of being sued, did not name a defendant personally involved in the alleged constitutional violation, and did not allege a valid constitutional violation.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e). Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions. Plaintiff is also warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998). Plaintiff is finally warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a

claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

**SIGNED** on March 11, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE